NOT FOR PUBLICATION (Doc. No. 1)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| ENRIQUE IGLESIAS, | |
| Plaintiff, | Civil No. 16-6291 (RBK/AMD) |
| v. | **OPINION** |
| DAVID JOSEPH O'NEAL, | |
| Defendant. | |

**KUGLER**, United States District Judge:

Enrique Iglesias ("Plaintiff") is proceeding *pro se* with a complaint arising from accusations that David O'Neal ("Defendant") leveled against him in prison. Plaintiff's application to proceed *in forma pauperis* will be granted based on the information provided therein and the Clerk of Court shall file the Complaint. The Court must now review the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit. For the reasons set forth below, the Complaint shall proceed and Plaintiff's motion to seal is **DENIED**.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff's complaint arises from a sexual assault charge that Defendant filed against him on January 15, 2016 while both were confined at FCI Fort Dix. Defendant submitted the charge

to prison staff pursuant to the Federal Prison Rape Elimination Act ("PREA"). All prison staff were informed of the charge pursuant to federal law.

Plaintiff was removed from his prison job around 9 a.m. on January 15, 2016 and was escorted to another complex for processing in conjunction with his arrest for sexual assault. Plaintiff was brought to the Health Services Building around 11 a.m., where a nurse performed a visual examination of his body and a physician's assistant asked Plaintiff a series of sexual assault evaluation questions. Plaintiff describes the shame and embarrassment he felt during this process. Plaintiff was then placed in the Special Housing Unit until February 10, 2016 where he had to sleep on the floor and was subject to all of the restrictions of the Special Housing Unit.

FCI Fort Dix conducted an investigation of Defendant's charge while Plaintiff was confined to the Special Housing Unit. Over a dozen inmates in Plaintiff's wing came forward to tell investigators and prison staff that Defendant had bragged about his plan to accuse Plaintiff of sexual assault in order to have Plaintiff removed from the compound. Plaintiff was found not guilty and was returned to the honor block and work (though Plaintiff received a different detail/position at work which provides fewer hours of work).

Plaintiff discovered on February 10, 2016 that Defendant had sold some of Plaintiff's personal property that had been left in their former room. Furthermore, when Plaintiff was removed from the Special Housing Unit, he was assigned to a top bunk in a room on the third floor of the housing unit. It took several months for Plaintiff to be reassigned to a bottom bunk on the first floor of the unit due to lack of space.[1]

Plaintiff had his final psychological interview on March 4, 2016. Plaintiff was informed that despite the finding that Defendant's allegation was unfounded, they were required to

---

1. Plaintiff explains that his doctor ordered for his bunk placement in light of Plaintiff's age and degenerative disc compression in his back.

conduct a sexual assault risk assessment and to offer him sex offender classes. Plaintiff asked for the accusation to be expunged from his file, but he was told that the accusation was part of his permanent record. Plaintiff filed a FOIA request for all documents related to his PREA proceeding, which was fulfilled on July 29, 2016. Plaintiff filed a grievance to have the PREA charge removed from his record. The Chief of Psychology entered a note to Plaintiff's file on September 9, 2016, noting that the accusation was unfounded and Plaintiff did not commit the act.

Plaintiff filed the instant Complaint on October 3, 2016. (Doc. No. 1).

## II.  LEGAL STANDARD

District courts must review complaints in civil actions in which a litigant is proceeding *in forma pauperis* and must *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss an action for failure to state a claim upon which relief can be granted. When evaluating a motion to dismiss, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cty. Of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). A complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). It is not for courts to decide at this point whether the non-moving party will succeed on the merits, but "whether they should be afforded an opportunity to offer evidence in support of their

claims." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 215 (3d Cir. 2002). While "detailed factual allegations" are not necessary, a "plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

## III. DISCUSSION

### A. Jurisdiction

Plaintiff brings this complaint in federal court pursuant to diversity jurisdiction. The Court observes that Plaintiff has plead that he is a citizen of Pennsylvania incarcerated in New Jersey while Defendant is a citizen of Virginia incarcerated in Ohio. Therefore, the parties to this case are entirely diverse. Plaintiff also alleges that the amount in controversy is over $75,000. Therefore, the Court is satisfied that Plaintiff has adequately plead the Court's diversity jurisdiction under 28 U.S.C. § 1332 over the instant case.

### B. Defamation/Libel/Slander[2]

Under New Jersey defamation law, "the plaintiff bears the burden of establishing, in addition to damages, that the defendant '(1) made a defamatory statement of fact (2) concerning the plaintiff (3) which was false, and (4) which was communicated to a person or persons other than the plaintiff.'" *Petersen v. Meggitt,* 969 A.2d 500, 507 (N.J. Super. Ct. App. Div. 2009) (quoting *Feggans v. Billington,* 677 A.2d 771, 775 (App. Div. 1996)). The plaintiff also bears the burden of proving fault—either negligence or malice—depending on whether the matter is one of private or public concern. *Id.*

---

2. The Court notes that Plaintiff has not alleged any sort of publication of Defendant's accusations, therefore libel is an inapplicable cause of action. As a further initial matter, the Court notes that loss of wages is not itself an actionable claim, but rather, damages related to Plaintiff's other claims.

4

Here, Plaintiff has alleged that Defendant communicated a false rape accusation to prison staff. The accusation was a false, defamatory statement of fact concerning Plaintiff that was communicated to someone other than the Plaintiff. Accordingly, the Court is satisfied that Plaintiff has adequately alleged a claim for defamation/slander against Defendant.

### C. Intrusion of Privacy: False Light

To state a claim for the tort of false light, a plaintiff must allege (1) placement in a false light that would be highly offensive to a reasonable person and that (2) "the actor had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed." *Leang v. Jersey City Bd. of Educ.,* 969 A.2d 1097, 1116 (N.J. 2009). "The publicized material in a false-light claim must constitute a 'major misrepresentation of [plaintiff's] character, history, activities, or beliefs.'" *Romaine v. Kallinger,* 537 A.2d 285, 295 (N.J. 1988) (citation omitted).

Plaintiff has alleged that Defendant deliberately made a false rape accusation against Plaintiff in order to get Plaintiff out of the compound. Plaintiff has thus alleged that he was placed in a highly offensive false light and that Defendant knew that the publicized matter was false. The Court is satisfied that Plaintiff has adequately alleged a claim for intrusion of privacy via false light.

### D. Intentional Infliction of Personal Humiliation

The Court construes Plaintiff's claim of "intentional infliction of personal humiliation" as a state law claim for intentional infliction of emotional distress. To prove a claim for intentional infliction of emotional distress, a plaintiff must show: (1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's actions proximately caused plaintiff's emotional distress; and (4) plaintiff's emotional distress was "so

5

severe that no reasonable man could be expected to endure it." *Buckley v. Trenton Sav. Fund Soc'y*, 544 A.2d 857, 863 (N.J. 1988) (quoting Restatement (Second) of Torts § 46 cmt. j (Am. Law Inst. 1965)). To be extreme and outrageous, a plaintiff must show that the conduct is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.* (quoting Restatement (Second) of Torts, § 46 cmt. d (Am. Law Inst. 1965)).

Plaintiff has alleged that Defendant intentionally made a false rape accusation to harm Plaintiff. This allegation certainly claims that Defendant acted intentionally or recklessly, and it is certain that a false accusation of rape is intolerable in a civilized community. Plaintiff also details the distress, anxiety, and humiliation he has felt due to Defendant's accusation. Therefore, he Court is satisfied that Plaintiff has adequately alleged a claim for intentional infliction of emotional distress against Defendant.

### E. Application to File Under Seal

As a final matter, the Court will address Plaintiff's application to file this matter under seal. Plaintiff asks that this action take place under seal to avoid further perpetuation of Defendant's false rape accusation. In this District, Local Civil Rule 5.3(c) governs all motions to seal or otherwise restrict public access to judicial proceedings and materials filed with the Court. In order to place a docket entry under seal, the motion to seal must be publicly filed and describe: "(a) the nature of the materials or proceedings at issue, (b) the legitimate private or public interests which warrant the relief sought, (c) the clearly defined and serious injury that would result if the relief sought is not granted, and (d) why a less restrictive alternative to the relief sought is not available." L. Civ. R. 5.3(c)(3). The moving party must also file a proposed order containing proposed findings of fact and conclusions of law. *Id.* Plaintiff's motion to seal

6

has not been publicly filed. Furthermore, Plaintiff's Motion to Seal does not address the factors in Rule 5.3(c)(3) with particularity, does not address why a less restrictive alternative is unavailable, and does not include proposed findings of fact and conclusions of law. Therefore, Plaintiff's motion to seal is denied.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's complaint against O'Neal is permitted to proceed. Plaintiff's motion to seal is **DENIED**.


Dated: 03/29/2017                                           s/ Robert B. Kugler
                                                            ROBERT B. KUGLER
                                                            United States District Judge